**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| TIFFINE R. HANSBROUGH,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR,<br><br>Defendant. | Case No. 5:23-cv-00499<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 *ET SEQ.*** <br>2. **CALIFORNIA CREDIT SERVICES ORGANIZATION ACT ("CCSOA"), CAL. CIV. CODE § 1789.10 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** TIFFINE R. HANSBROUGH ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the

Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. §1679 *et seq.*, and the California Credit Services Organization Act ("CCSOA") pursuant to Cal. Civ. Code § 1789.10 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all of the events or omissions giving rise to the claims against Defendant occurred in the Central District of California.

**PARTIES**

5. Plaintiff is a consumer, and a natural person over 18-years-of-age who, resides in Riverside, California.

6. Defendant is a credit repair organization that offers its customers the ability to eliminate and resolve their debit issues through Defendant's services. Defendant is a professional corporation organized under the laws of the state of Massachusetts with its principal place of business located at 686 Morton Street, Suite #2, Boston, Massachusetts 02126.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives

and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. In 2022, Plaintiff found herself with debts that were impacting her overall creditworthiness, prompting her to begin looking for assistance in repairing her credit.

9. On August 23, 2022, Plaintiff enrolled in a contract with Defendant due to its representations that it could help consumers improve their creditworthiness and dispute the legal validity of its enrolled debts.

10. Specifically, Defendant promised to identify Plaintiff's enrolled debts and to dispute information reporting by her creditors. Defendant assured Plaintiff that her credit would improve within 60 days of her enrolling in its services. Plaintiff detrimentally relied on Defendant's promise.

11. As part of their agreement, Plaintiff paid Defendant a recurring weekly fee of $70 in exchange for Defendant's services that included disputing debts with Plaintiff's creditors.

12. After months of making payments. Plaintiff's credit had actually decreased, rather than increase as promised by Defendant.

13. Relying upon Defendant's representations regarding the nature and efficacy of its services, Plaintiff continued making recurring monthly payments with the hopes of improving her creditworthiness.

14. Defendant's conduct in representing that it could effectively dispute and

3

remove information on her credit reports was inherently misleading and deceptive.

15. Plaintiff continued to work with Defendant on a week-to-week basis into October 2022, following their initial agreement. However, Plaintiff grew tiresome of Defendants failure to uphold its promises.

16. Eventually, after paying nearly $840 to Defendant, Plaintiff became extremely frustrated and worried that she had been making payments yet not seeing any results on the part of Defendant.

17. As such, in October 2022, Plaintiff canceled her contract with Defendant.

18. Upon information and belief, Defendant retained fees for services prior to such services being fully performed, as Defendant's retention of Plaintiff's weekly payment, at least in part, went towards disputing debts that were never in need of dispute.

19. Further, the contract between Plaintiff and Defendant failed to include the information and disclosures Defendant was required to provide to Plaintiff under federal and state law.

20. At no point did Defendant provide Plaintiff any of the disclosures required by federal law.

21. Defendant's failure to provide Plaintiff the relevant information and disclosures inhibited Plaintiff's ability to chart an intelligent course of conduct in connection with her dealings with Defendant.

22. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff

4

spoke with the undersigned regarding her rights.

## DAMAGES

23. Defendant's failure to sufficiently take steps to improve Plaintiff's creditworthiness though its credit repair program underscores the generally deceptive manner in which Defendant held out the efficacy of its services to Plaintiff.

24. Furthermore, it was deceptive for Defendant to represent the effectiveness of its services given that Defendant promised Plaintiff that it would remove information on her credit reports and improve her credit score.

25. As such, Defendant misrepresented the nature of its services by not properly engaging with Plaintiff's creditors to negative information in her credit report.

26. Plaintiff suffered severe emotional distress, as well as significant out-of-pocket expenses and persistently depressed credit scores as a result of Defendant's deceptive and misleading conduct.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, lost time, out of pocket expenses, pecuniary loss stemming from the payments made to Defendant, denial of the benefit of her bargain, making payments to Defendant after relying on false and deceptive representations, as well as numerous violations of her federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I - VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

28. Plaintiff repeat and reallege paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1679a(1) of the CROA.

30. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **a. Violations of CROA §1679b(a)**

31. The CROA, pursuant to 15 U.S.C. §1679b(a)(3)-(4) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. §1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

32. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could

provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant touted the efficacy of its credit repair services and that Plaintiff could expect an improved credit score as long as she made payments for its services. Plaintiff made her such payments; however, Defendant failed to improve Plaintiff's credit.

33. Further, Defendant violated the CROA when it deceptively represented to Plaintiff that its disputes would be responded to by the credit reporting agencies. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. §1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

  b. **Violation of CROA §1679b(b)**

34. The CROA, pursuant to 15 U.S.C. §1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

35. Defendant violated §1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Defendant has maintained Plaintiff's payments despite failing to fully perform the services justifying Defendant's retention of such fees.

7

### c. Violation of CROA §1679c

36. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

37. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d. Violation of CROA §§ 1679d(4) and 1679e

38. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

39. Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete

failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the notice of cancellation to Plaintiff.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "buyer" as defined by Cal. Civ. Code §1789.12(c).

41. Defendant is a "credit services organization" as defined by Cal. Civ. Code §1789.12(a).

      **a.    Violation of CCSOA §1789.13**

42.    Pursuant to §1789.13(b), a credit services organization cannot "fail to perform the agreed services within six months following the date the buyer signs the contract for those services."

43.    Defendant violated §1789.13(b) when it failed to fully perform the agreed upon services within 60 days of Plaintiff agreeing to utilize its services. Defendant deceived Plaintiff into making payments and still failed to completely perform the agreed upon services.

44.    The CCSOA, pursuant to Cal. Civ. Code §1789.13, provides a list of prohibited conduct for credit services organizations.

45.    Pursuant to §1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to §1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

46.    As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. §§1679b(a)(3)-(4).

47.    As alleged above, Plaintiff detrimentally relied on Defendant's false promises and was damaged by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiffs actual damages pursuant to Cal. Civ. Code §1789.21(a);

    c.    Awarding Plaintiffs punitive damages pursuant to Cal. Civ. Code §1789.21(a);

    d.    Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code §1789.21(a); and

    e.    Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: March 22, 2023                Respectfully submitted,

                                              **TIFFINE R. HANSBROUGH**
By:*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-3077646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com